IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

STEPHANIE ANN RAY,

        Plaintiff,

  v.                                     Civil Action No.
                                            1:17-CV-0823 (DEP)

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

        Defendant.

---

APPEARANCES:                           OF COUNSEL:

FOR PLAINTIFF

DENNIS KENNY LAW FIRM          JOSEPHINE GOTTESMAN, ESQ.
36 Main Street
P.O. Box 166
HSBC Bank Building, Second Floor
Cortland, NY 13045

FOR DEFENDANT

HON. GRANT C. JAQUITH            JEREMY A. LINDEN, ESQ.
United States Attorney               JOSHUA L. KERSHNER, ESQ.
P.O. Box 7198                                Special Assistant U.S. Attorneys
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard in connection with those motions on May 23, 2018, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1)   Defendant's motion for judgment on the pleadings is GRANTED.

2)   The Acting Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)   The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   May 25, 2018
         Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
STEPHANIE ANN RAY,
                            Plaintiff,

vs.                            1:17-CV-823

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,
                            Defendant.

-------------------------------------------x
```

Transcript of a **Digitally-Recorded Decision** held during a Telephone Conference on May 23, 2018, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | DENNIS KENNY LAW<br>Attorneys at Law<br>288 North Plank Road<br>Newburgh, New York  12550<br>   BY:  JOSEPHINE GOTTESMAN, ESQ. |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, New York  10278<br>   BY:  JEREMY A. LINDEN, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1         (In Chambers, Counsel present by telephone,
2             10:21 a.m.)
3         THE COURT:  All right, thank you both.  So I have
4  before me a request for judicial review of an adverse
5  determination by Acting Commissioner pursuant to 42 United
6  States Code Section 405(g).
7         The background is as follows:  The plaintiff's date
8  of birth is February of 1987, she was 27 years old at the
9  time of the alleged onset of her disability.  She's currently
10 31 years old.  She lives in Albany with a friend and a
11 seven-year-old daughter.  She has a ninth grade education and
12 did not receive a GED.  She reads but barely; when she was in
13 school she was in special education classes.  She was
14 classified as learning disabled with primarily an issue with
15 regard to reading.
16        She last worked more than a year prior to the
17 hearing.  At page 172 it indicates she worked from 2012 to
18 January 4, 2014.  She worked at Stewart's, which is a
19 convenience store, as a cashier for roughly two years.  She
20 injured her back and has been on Workers' Compensation since
21 the time of that injury.  According to 172, she also worked
22 at Ted's Fish Fry as a clerk in 2011.  She also worked as a
23 baby-sitter and as a registerer at a hospital.  She drives,
24 although she endorses in occasional anger and road rage.
25        Physically, she injured her back in -- on

1  January 4, 2014.  She suffers from back pain which radiates
2  into her legs.  She has undergone two MRIs.  First was on
3  March 5, 2014, that's at page 346 of the record.  The finding
4  is, there's no evidence of significant disk bulge herniation
5  or spinal canal stenosis.  Second was administered on May 20,
6  2014, that's at page 453 of the administrative transcript.
7  The impression of the tester was no evidence of disk space
8  narrowing or spondylolisthesis.  The plaintiff has had at
9  least one injection, and she's awaiting, at the time of the
10 hearing, approval for further injections.  She has undergone
11 physical therapy but indicates that it does not help her.
12 She has been seen by Dr. Everett Forman who is her primary
13 physician, Dr. Luke Rigolosi who is an orthopedic specialist,
14 also has seen Dr. Nicholas Qandah and Physician's Assistant
15 Tiffany Laizer from May of 2014 to August 2014.  She has
16 also, in Dr. Qandah's office, seen Physician's Assistant
17 Sherry Alexander.  X-rays taken on May 20 -- no, I'm sorry.
18 She did testify at the hearing that she believes she can lift
19 10 pounds, that's at page 57, despite her back issue.
20         Mentally she suffers from anxiety and depression.
21 She testified to daily panic attacks.  They appear to have
22 been controlled at one point but -- that's at page 48, but
23 have increased.  In June of 2015, she was hospitalized after
24 a suicide attempt.  Plaintiff receives mental health
25 treatment from Pinnacle Behavioral Health but that began in

1  June of 2015.
2           She has been prescribed various medications for her
3  physical and mental conditions including Flexeril, Cymbalta,
4  Celexa, Ativan, Lexapro, Lortab, Pristiq, Medrol, ibuprofen,
5  and gabapentin on a trial basis.
6           In terms of daily activities, she cares for her
7  daughter, prepares meals daily, she does laundry, cleaning,
8  shops for food and clothes, watches television, and plays
9  with her daughter.
10          Procedurally, plaintiff applied for a period of
11 disability and Disability Insurance benefits under Title II
12 of the Social Security Act on May 30, 2014, alleging an onset
13 date of January 4, 2014, coinciding with the date of her
14 injury.
15          On January 4, 2016, a hearing was conducted by
16 Administrative Law Judge Brian LeCours.  ALJ LeCours issued a
17 decision on May 22, 2016, which was unfavorable to the
18 plaintiff.  On June 1, 2017, the Social Security
19 Administration Appeals Council denied review of the
20 determination making it a final decision of the agency.  In
21 his decision, ALJ LeCours applied the familiar five-step
22 sequential test for determining disability.
23          At step one, he concluded that plaintiff had not
24 engaged in substantial gainful activity since the date of her
25 onset.

1           At step two, he determined she suffered from severe
2   impairments including degenerative disk disease of the lumbar
3   spine, thoracolumbar scoliosis, anxiety disorder, and
4   affective disorder.
5           At step three he concluded, however, that none of
6   those either medically or otherwise met or equaled any of the
7   listed presumptively disabling conditions set forth in the
8   Commissioner's regulations, specifically considering Listing
9   1.04 relating to back issues, 12.04 and 12.06, dealing with
10  mental impairments.  He found in connection with the latter
11  that plaintiff could not meet either the B or the C criteria
12  associated with those listings.
13          After surveying medical evidence, ALJ LeCours
14  concluded that plaintiff retains the residual functional
15  capacity to perform light work with exceptions, including
16  lift or carry up to 10 pounds frequently or occasionally,
17  never climb ladders, ropes, and scaffolds, must avoid
18  concentrated exposure to hazardous conditions such as
19  unprotected heights and dangerous machinery.  Work must
20  consist of unskilled tasks, work requiring little or no
21  judgment to do simple duties that can be learned on the job
22  in a short period of time.
23          Applying that RFC at step four, plaintiff, he
24  found, is capable of performing past -- her past work as a
25  cashier but not as a cook.

1               He proceeded, however, notwithstanding that
2     finding, to step five, noting that if the grid rules were
3     applied, Rule 202.18 would direct the finding of no
4     disability.  He found, however, that due to nonexertional
5     impairments, the testimony of a vocational expert should be
6     elicited.  Based on that testimony he concluded that
7     plaintiff was capable of performing jobs available in the
8     national economy including a silver wrapper, parking lot
9     attendant, and a lab sample carrier.
10              As you know, my task is limited and the scope of
11    review that the court applies is deferential.  I must
12    determine whether correct legal principles were applied and
13    the determination is supported by substantial evidence.
14              To frame the issues, we have to bear in mind that
15    the relevant period of time is January 4, 2014 to the date of
16    decision which is June 30, 2016.  The -- also note that it is
17    plaintiff's burden to establish limitations associated with
18    her conditions through the RFC and step four stages of the
19    sequential analysis.
20              In terms of RFC, mentally, there is really no
21    evidence of limitations in the ability to perform work
22    functions.  As counsel for the Commissioner pointed out,
23    plaintiff was able to perform in work, jobs that are SVP 2
24    and SVP 3, and demonstrating her ability to perform simple
25    unskilled work.  The decision -- or the opinion of L. Hoffman

1    at 76, a nonexamining consultant, in September of 2014,
2    reflects that plaintiff's mental impairments are not severe.
3    The record shows that her mental impairments, anxiety and
4    depression, were controlled with medications during the
5    relevant period.  She did not undergo any specialized
6    treatment or counseling other than through her primary
7    physician during the relevant period of time.  It's clear
8    that her condition deteriorated after the relevant time,
9    again, that's at page 48, but there's no evidence that it
10   worsened prior to June 30, 2014, and I think I misspoke when
11   I said 2016, I think the relevant period goes through June of
12   2014, the late -- last date of insured.
13          So I'll also say that the RFC is consistent with
14   the ability to perform unskilled work as is the record under
15   Social Security Ruling 85-15.  Unskilled work means, the
16   basic mental demands of competitive remunerative unskilled
17   work include the abilities on a sustained basis to
18   understand, carry out, and remember simple instructions, to
19   respond appropriately to supervision, coworkers in usual work
20   situations and to deal with changes in a routine work
21   setting.  The record contains substantial evidence that she
22   retains this ability.
23          The RFC did take into consideration the difficulty
24   that plaintiff manifested in concentration, persistence, and
25   pace.  The mental portions of the RFC accommodated this

1     limitation.

2              Physically, the MRI findings from March of 2014
3     were described by Dr. Rigolosi as benign, that's at 294.
4     Plaintiff admitted during the hearing that she's capable of
5     lifting 10 pounds which is the lifting limitation of the RFC,
6     Dr. Qandah and RPA Alexander on June 23, 2014 at 458.  That
7     opinion supports the finding, as does Nurse Practitioner
8     Cavone-Banks on August 26, 2014, that's at page 460 of the
9     record.  Physician's Assistant Alexander gave a similar
10    opinion supporting the RFC at 618.  That's -- that occurred
11    on December 14, 2015.  And Dr. Edmund Scheid, the medical
12    source statement from December 29th, 2015, also seems to
13    support it, that's at 611, including the standing and walking
14    requirements as indicated by counsel for the Commissioner.

15             In terms of treating sources, Dr. Rigolosi, on
16    March 25, 2014 after the MRI indicated partial mild
17    disability and plaintiff could perform light work and lift
18    10 pounds, that's at 297, on May 6, 2014, characterized her
19    disability as partial mild disability and indicated she could
20    perform light work, that's at 295.  The only finding of
21    100 percent disability occurred before the MRI on January 28,
22    2014, that's at 304; February 17, 2014, that's at 301; and
23    February 25, 2014, that's at 298.

24             Another treating source, Dr. Qandah, and RPA
25    Alexander, on June 23, 2014, found 0 percent disability,

1    10-pound limitation, that's at 458.  IME examiner Dr. Totero
2    on April 21, 2014 indicated that plaintiff could work without
3    restriction, that's at 324.
4           So the three medical opinions during the relevant
5    time are wholly consistent.
6           There's also indication from the emergency
7    department at Samaritan Hospital, April 13th, 2014, strength
8    5-by-5 bilaterally, that's at 248, gait intact, ambulates
9    without difficulty or discomfort.  The -- Dr. Scheid's
10   opinion regarding her posture is, although well outside the
11   relevant period, does seem to support the stand and walk
12   requirements.
13          In terms of development of the record, an argument
14   made by the plaintiff, the court can find no gaps in the
15   record that under the regulations should have been filled,
16   therefore, there was no obligation on the part of the ALJ to
17   seek additional information.  There was clearly a requirement
18   that there be a full record for 12 months prior to the
19   application was fulfilled here.
20          So I do not find any legal error and I find the
21   determination is supported by substantial evidence.  I'll
22   therefore grant judgment on the pleadings to the defendant
23   and order dismissal of plaintiff's complaint.  Thank you both
24   for excellent presentations.  Have a good day, bye-bye.
25          MS. GOTTESMAN:  Thank you, Judge.

10

1  MR. LINDEN:  Thank you, your Honor.
2  (Proceedings adjourned at 10:36 a.m.)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1  C E R T I F I C A T I O N

4  I, JODI L. HIBBARD, RPR, CRR, CSR,
5  Official Court Reporter in and for the United States
6  District Court, Northern District of New York, DO
7  HEREBY CERTIFY that I have listened to and
8  transcribed the foregoing proceedings and that the
9  foregoing is a true and correct transcript thereof
10 to the best of my ability.

17                               s/Jodi L. Hibbard
18                               _____
19                               JODI L. HIBBARD, RPR, CRR, CSR
                                 Official U.S. Court Reporter

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547